JOHN D. D'ERCOLE, ESQ.
(jdd@robinsonbrog.com)
Robinson Brog Leinwand Greene Genovese
    &amp; Gluck P.C.
875 Third Avenue, 9th Floor
New York, New York 10022-0123
(212) 603-6300
*Attorneys for Petitioner*



13 MISC 0203

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

JOSHUA SASON,

                       Petitioner,

to Quash a Summons issued by

YOSSEF KAHLON a/k/a JOSSEF KAHLON, and
TJ MANAGEMENT GROUP LLC,

                       Respondents.

Docket No.:

RECEIVED JUN 12 2013 U.S.D.C. S.D.N.Y. CASHIERS

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO QUASH SUBPOENA

### PRELIMINARY STATEMENT

This motion is brought by petitioner, Joshua Sason ("Sason"), to quash a Subpoena to Testify at a Deposition on June 26, 2013 at 9:30 a.m. at 210 Fifth Avenue, Suite 401, New York, New York (the "Subpoena")(attached to the Petition as Exhibit A) issued by the respondents Yosseff Kahlon /a/k/a Jossef Kahlon and TJ Mamagment Group LLC (collectively "Kahlon"). Not only was the Subpoena not properly served on Sason, but also Sason has no information possibly relevant to the issues involved in the SEC Action or any information which would lead to the discovery of admissible evidence. The SEC Action is predicated upon the sale by respondents to the public of unregistered stock. Neither Sason nor Magna ever purchased

securities from or sold securities to any of the respondents or was in any way involved with respondents' alleged distribution of unregistered stock to the public in violation of the securities laws. The Subpoena was issued by Kahlon solely for the purpose of harassing Sason and should be quashed since it subject him to "undue burden" under Rule 45 (c)(3), Fed. R. Civ. P.

## STATEMENT OF FACTS

Sason is an individual residing in New York, New York and is a principal of Magna Group, LLC and Magna Group (Texas), LLC (collectively "Magna"). *See* Petition, ¶ 1. Magna is a company which provides capital to investee companies (both private and public) through numerous structures. Its portfolio companies are located around the world. *See* Petition, ¶ 2.

The Subpoena was issued by respondents in connection with a civil enforcement action commenced against them by the Securities and Exchange Commission pending in the United States District Court for the Eastern District of Texas (the "SEC Action"). *See* Petition, ¶ 4. The Subpoena was allegedly served by the respondents on Sason at 83 Cherry Drive West, Plainview, NY 11803. *See* Petition, ¶ 5. This location is neither Sason's residence nor place of business. Respondents' counsel had previously been advised that Sason neither worked or resided at this location. *See* Petition, ¶ 5; Declaration of Joshua Sason, executed June 10, 2013 ("Sason Declaration"), ¶ 4; Declaration of David Danovitch, Esq., executed June 10, 2013, ¶ 2.

Although Sason had been a family friend of Kahlon, neither Sason nor Magna ever had any business relationship with the respondents and do not have any relevant information in connection with the SEC Action. *See* Petition, ¶ 6; Sason Declaration, ¶ 5. The SEC Action charges the respondents with an illegal penny stock distribution scheme in which respondents are alleged to have reaped $7.7 million in ill gotten gains by distributing stock of at least eleven companies to the public without proper registration. *See* Petition, ¶ 7. The conduct which the

respondents are charged with in the SEC Action is alleged by the SEC to constitute violations of Sections 5 (a) and 5 (c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and 77e(c). *See* Petition, ¶ 7.

Respondents commenced a meritless and vexatious action against Sason in the Supreme Court of the State of New York, County of Nassau, entitled *TJ Management Group LLC v. Joshua Sason, Magna Group, LLC, and Magna Group (Texas) LLC*, Index No. 011405/12, alleging that Sason and Magna were responsible for the closing of TJ Management's E*Trade Account. The respondents attempted to assert a claim against Sason for tortious interference with contract and business relationships. *See* Petition, ¶ 8. The Nassau County Complaint was dismissed because the court found that it did not assert a cognizable claim against Sason because there was no allegation that Sason "exerted economic pressure, or engaged in any conduct directed at E*Trade, to force it to cease doing business with TJ management." *See* Petition, ¶ 9.

The SEC Action is predicated upon the sale by respondents to the public of unregistered stock which has nothing at all to do with any business activity engaged in by Sason through Magna. *See* Petition, ¶ 11; Sason Declaration, ¶ 9. Neither Sason nor Magna ever purchased securities from or sold securities to any of the respondents or was in any way involved with respondents' alleged distribution of unregistered stock to the public in violation of the securities laws. *See* Petition, ¶ 11; Sason Declaration, ¶ 9.

## ARGUMENT

## POINT

### THE COURT SHOULD MODIFY AND/OR QUASH THE SUMMONS

Under Rule 4(e), Fed R. Civ. P., service of a subpoena on an individual must be either personal service or service in a manner permitted by state law. The Subpoena was not properly served upon Sason because service was made by leaving the Subpoena at 83 Cherry Drive West, Plainview, NY 11803. Sason does not reside or conduct business at this address and, therefore, the Subpoena was not served in accordance with either Rule 4(e) or state law (see CPLR § 308). In fact, counsel for the respondents was previously advised that Sason did not reside or conduct business at 83 Cherry Drive. Accordingly, there was no proper service of the Subpoena and, on this basis alone, the Subpoena should be quashed.

A court is also empowered to quash a subpoena under Rule 45 (c)(3), Fed. R. Civ. P., *inter alia*, when the subpoena subjects a person to an "undue burden." Undue burden is demonstrated by reference to such factors as relevance. N.C. Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D. C. 2005). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd, LP, 03 Civ. 1382(RWS), 2003 WL 23018833 at *8 (S.D.N.Y. Dec. 23, 2003); Schoolcraft v. City of New York, 2012 U.S. Dist. LEXIS 82888, at 4-5, 2012 WL 2161596 (S.D.N.Y. June 13, 2012). Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome. Id.

Sason is not in the possession of any information even remotely relevant to the SEC Action or any information which is likely to lead to the discovery of admissible evidence. This is clear because neither Sason nor Magna ever purchased securities from or sold securities to any of the respondents or was in any way involved with respondents' alleged distribution of unregistered stock to the public in violation of the securities laws.

In fact, the Subpoena was issued by Kahlon solely for the purpose of harassing Sason, as demonstrated by the prior unmeritorious case brought by the respondents against Sason in the Nassau County Supreme Court. Accordingly, Sason requests that this Court impose sanctions on the respondents requiring that they pay his reasonable attorney's fees and costs in filing the instant petition and making this motion to quash the Subpoena pursuant to Rule 45 (c)(1).

## CONCLUSION

For all of the foregoing reasons, the Court should quash the Subpoena issued by the respondents to Sason and impose sanctions on the respondents requiring that they pay his reasonable attorney's fees and costs in filing the instant petition and making this motion to quash the Subpoena pursuant to Rule 45 (c)(1).

Dated: New York, New York
       June 11, 2013

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: _____
    John D. D'Ercole

875 Third Avenue, 9th Floor
New York, New York 10022
(212) 603-6300
*Attorneys for Petitioner*